Hillsborough,
No. 4738.

ROBERT C. FRANCOEUR *v.* STATE.

Argued November 3, 1959.

Decided December 31, 1959.

340

*McLane, Carleton, Graf, Greene & Brown* and *Jack B. Middleton* (*Mr. Middleton* orally), for the plaintiff.

*Louis C. Wyman*, Attorney General, and *Jarlath M. Slattery*, Assistant Attorney General (*Mr. Slattery* orally), for the State.

DUNCAN, J.   It is not questioned that the contract of September 28, 1955 between the plaintiff and the State, out of which these claims arise, contains the clause quoted above providing that any disputed matters pertaining to the contract shall be referred to the Commissioner of Public Works and Highways "whose decision shall be final, binding and conclusive upon all parties without exception or approval," and further, that the plaintiff "expressly . . . waive[s] all right, or rights, of action at law or in equity," which he might otherwise have or claim by virtue of the contract or matters connected therewith.

The plaintiff asserts that these provisions are void and unenforceable because beyond the authority of the Commissioner, because in derogation of RSA 491:8, *supra*, conferring jurisdiction of such claims upon the Superior Court, and because contrary to public policy.   *Cf. Berke Company* v. *Bridge Company*, 98 N. H. 261, 272.

If the provisions of the contract upon which the State relies were beyond the authority of the Commissioner to agree to, or to execute, then the issues concerning the validity of such an agreement for arbitration and for waiver of rights of action between the

parties will not be reached. See *March* v. *Eastern Railroad*, 40 N. H. 548; Restatement, Contracts, s. 551 (1).

Since 1950 the Commissioner has been executive director of the Department of Public Works and Highways, which was first established by legislative act in that year. RSA 228:2. The act established a policy for the construction of major state projects "by the contract method under competitive bidding," and authorized the department to execute all contracts for projects in the name of the State "in such manner and subject to such limitations as may be specified from time to time by law." RSA 228:4, 5. Supervision of the performance of contracts was also placed in its charge, and it was authorized to "cause to be undertaken and completed, all construction exceeding one thousand dollars." RSA 228:5, *supra.* Other statutory provisions conferring specific authority upon the Commissioner relate primarily to highways. See RSA ch. 229 *et seq.*

In 1957 the Commissioner was expressly authorized, on approval by the Governor and Council, to pay small claims (under one hundred and fifty dollars) "occasioned by accidents due to the activities of his department." Laws 1957, *c.* 266 (RSA 229:8-a (supp.) ). However, no statutory provision has been found or called to our attention which expressly authorizes the Commissioner to act or to agree to act as an arbitrator of "any . . . dispute" arising under contracts executed for the State by his department, or to obligate the State to pay any claims arising therefrom as a result of such arbitration. In our opinion no such broad authority can be implied. *State* v. *Stafford Co.*, 99 N. H. 92, 98. See *State* v. *Cote*, 95 N. H. 428.

While under federal law, contract provisions for the determination of disputed claims by an executive officer of the contracting department have been upheld (*United States* v. *Wunderlich*, 342 U. S. 98; *United States* v. *Moorman*, 338 U. S. 457; see 3 Corbin on Contracts, s. 652, supp.) the authority of the officers involved seems not to have been questioned in these cases. *Cf. Cramp & Sons* v. *United States*, 216 U. S. 494.

On the other hand, provisions for final determination by architects or engineers in the employ of one of the parties of questions arising in the course of construction contracts have long been in common use, and sustained as valid at least when their operation is restricted to the decision of questions of fact relating to quantity, quality and sufficiency of work or materials specified. *Ferguson*

*Co.* v. *Keene,* 89 N. H. 410. See annos. 54 A .L. R. 1255; 110 A. L. R. 137; 3 Corbin on Contracts, *s.* 652, *supra,* 6 *Id., s.* 1433. Obviously such provisions serve an essential purpose in contributing to performance of a construction contract without undue delay. The authority conferred by statute upon the Department of Public Works and Highways to enter into construction contracts may reasonably be thought to imply authority to make agreements calculated to promote the progress of the work by determination of questions of fact arising in its course.

Such implied authority however does not extend to the making of agreements by which the Commissioner shall be a final arbitrator of "any matter pertaining to" such contracts, or by acting as such an arbitrator obligate the State for the payment of sums not required by the contract. See *California Highway Com.* v. *Riley,* 192 Cal. 97.

The statute defining the authority of the department (RSA ch. 228, *supra*) shows a plain purpose to conduct the State's construction work by competitive-bid contract, subject to approval by the Governor and Council, and not by cost-plus contract; and thereby to restrict expenditures from the public treasury to the contract price so established. RSA 228:4. See also, RSA 4:15; 9:19; N. H. Const., Pt. II, *Arts.* 5th, 56; *State* v. *Kimball,* 96 N. H. 377.

In *Fuller Co.* v. *Commonwealth,* 303 Mass. 216, 223, 224, the plaintiff sought to compel the state treasurer of Massachusetts to pay compensation for extra work under a compromise agreement negotiated with the Department of Public Works and approved by the Governor and Council. In dismissing the action, the court held the department to be without authority to settle claims against the Commonwealth, and answered the contention that the authority to make contracts implied power to adjust disputes arising out of them thus:

"But once work has begun under a construction contract, except possibly for purposes of modifying the contract . . . the control of the department over the obligation of the Commonwealth . . . to pay would seem to be at an end apart from its supervisory control over the work. An agreement of compromise, which by its terms seeks in part to bind the Commonwealth to pay damages for an alleged breach of contract by the department, is not an essential duty, the absence of which would inconvenience the functioning of the department in the performance of other duties with which it is invested by statute . . . This authority, which would carry with it

the correlative right to assess the Commonwealth for the department's own error and determine the damage ensuing, which determination the sovereign would, as a general rule, have no right to attack, is not lightly to be inferred even though the injured party may recover otherwise than on the compromise agreement if his claim is just . . . [U]nless the power is either expressly given or required by necessary implication, it ought not to be found."

We think that the principles thus stated should control this case. Authority to decide whether the State has been exposed to liability by reason of the exercise of the Commissioner's supervisory powers, and to determine the extent of any such liability has not been expressly confided to the Commissioner by statute. Such authority would be collateral rather than essential to the performance of his express duties, and hence is not to be implied. Since the clause of the contract upon which the motion to dismiss is founded purported to confer authority which the Commissioner had no power to exercise, neither the clause nor his action under it should operate to bar the plaintiff's action. *State* v. *Cote*, 95 N. H. 428, *supra*.

The issue of whether there has been any decision by the Commissioner of any matters referred to him, and the effect of any such decisions relating to "quantity, quality, or price of the materials, or workmanship" (*Smith* v. *B., C. & M. Railroad*, 36 N. H. 458, 487) which would fall within the ambit of his implied authority to agree to arbitration, remain for determination by the Trial Court.

*Motion denied.*

All concurred.