STATE, BY WARREN SPANNAUS, ITS ATTORNEY GENERAL, v. McGUIRE ARCHITECTS-PLANNERS, INC.

245 N. W. 2d 218.

August 6, 1976—No. 46521.

---

*Faegre & Benson, Wright W. Brooks,* and *Norman R. Carpenter,* for appellant.

*Warren Spannaus,* Attorney General, *Richard B. Allyn,* Solicitor General, and *Joan Volz,* Special Assistant Attorney General, for respondent.

MACLAUGHLIN, JUSTICE.

This is an appeal from a judgment of the district court confirming an arbitrator's award. The principal issues are whether the Minnesota Department of Administration may validly include an arbitration clause in a state contract and, if so, whether the arbitration clause may name the governor as the arbitrator with final and binding authority to settle disputes arising under the contract. We hold that the Department of Administration may properly include arbitration clauses in its state contracts. Further, while we disapprove of the practice of designating the governor as arbitrator, we find under the facts of this case that appellant has not been prejudiced by the operation of the clause

and has failed to properly preserve its objection to the appointment of the arbitrator. Accordingly, we affirm.

On December 10, 1971, appellant, McGuire Architects-Planners, Inc., entered into a contract with the State of Minnesota wherein appellant agreed to furnish architectural and engineering services for the design and construction of a parking structure to be known as the Centennial Parking Ramp. This contract contained the following arbitration clause:

## "Arbitration

"In case any dispute or controversy arises between CONSULTANT and STATE out of any provisions herein contained, such dispute or controversy shall be referred to the Governor of the State of Minnesota for arbitration and his decision shall be final and binding on both parties."

On May 29, 1973, the state entered into a contract with Kraus-Anderson of Minneapolis, Inc., wherein Kraus-Anderson agreed to complete the general construction of the Centennial Parking Ramp.[1] On October 15, 1974, construction of the parking ramp was delayed to correct a design anomaly. On June 4, 1975, the state served appellant with a written demand for arbitration of a dispute relating to the question of whether a time extension should be given to Kraus-Anderson for completing construction

---

[1] This contract also contained an arbitration clause which provided: "2.2.11 Any question, dispute or controversy between the Owner and the Contractor arising out of any provision of the Contract Documents, and for which a decision is not otherwise provided for in the Contract Documents, and any appeal to a written decision of the Architect, shall be referred to the Commissioner of Administration for adjustment, and his decision shall be final and binding upon both parties. Any question, dispute or controversy between the Contractor and other specialists, consultants or contractors separately employed by the Owner, shall be referred to the Commissioner of Administration and his decision shall be final and binding upon all parties."

The comments in this opinion relating to the naming of the governor as arbitrator apply with equal force to the naming of the commissioner of administration as arbitrator.

of the ramp. Although the arbitration clause named the governor as arbitrator, the governor declined to act as arbitrator and instead designated the American Arbitration Association (AAA) to arbitrate the dispute. The AAA in turn appointed an attorney to act as arbitrator in the dispute. Although appellant objected that the arbitration clause was invalid, and that thus arbitration was inappropriate, it did not employ the statutory procedure outlined in Minn. St. 572.10 to challenge the appointment of the arbitrator.[2]

While this arbitration proceeding was pending, the state made a written demand on both appellant and Kraus-Anderson for joint arbitration of other contract disputes. This demand sought arbitration of all contract disputes among the parties except the previous dispute between appellant and the state regarding the question of a time extension. When appellant and Kraus-Anderson refused to jointly arbitrate, the state made a motion in district court under Minn. St. 572.09 to compel joint arbitration. On September 22, 1975, Ramsey County District Court Judge Edward D. Mulally issued an order compelling joint arbitration. Appellant's petition to this court for discretionary review of this order was denied, but on appellant's renewed petition this court stayed the joint arbitration proceedings pending disposition of the appeal in the instant case.

On October 17, 1975, the arbitrator in the instant case made an award favorable to the state on the issue of whether a time extension should be given to Kraus-Anderson. The state then petitioned the district court for an order confirming the award. Appellant moved to vacate the arbitrator's award principally on

---

[2] Minn. St. 572.10 provides: "If the arbitration agreement provides a method of appointment of arbitrators, this method shall be followed. In the absence thereof, or if the agreed method fails or for any reason cannot be followed, or when an arbitrator appointed fails or is unable to act and his successor has not been duly appointed, the court on application of a party shall appoint one or more arbitrators. An arbitrator so appointed has all the powers of one specifically named in the agreement."

the ground that the arbitration clause was invalid. The trial court concluded that the validity of the arbitration clause had already been determined in the prior proceeding before Judge Mulally and that therefore appellant was barred from relitigating the issue. Appellant appeals from the judgment confirming the arbitrator's award.

The issues raised on this appeal are:

(1) Whether appellant is barred from challenging the validity of the arbitration clause;

(2) whether the arbitration clause in the state contract is void because it constitutes a waiver of the state's sovereign immunity;

(3) whether the arbitration clause in the state contract is void because it names the governor to act as arbitrator.

■ The threshold issue is whether appellant may properly challenge the validity of the arbitration clause on this appeal. Although the trial court concluded that appellant was barred from litigating the validity of the clause, we hold that appellant may properly raise the issue on this appeal. Respondent argues that Judge Mulally's order compelling arbitration collaterally estops appellant from relitigating the validity of the arbitration clause in the instant case. We note that Judge Mulally's order was a nonappealable interlocutory order and that the validity of the contested arbitration clause involved a question of law. We hold that a nonappealable interlocutory order on a question of law can have no estoppel effect on a separate pending cause of action. See, Kanne v. Minneapolis & St. Louis Ry. Co. 33 Minn. 419, 23 N. W. 854 (1885); In re Application of Schaefer, 287 Minn. 490, 178 N. W. 2d 907 (1970); United States v. Moser, 266 U. S. 236, 45 S. Ct. 66, 69 L. ed. 262 (1924).

Neither is appellant barred by Minn. St. 572.19, subd. 1(5), from litigating the validity of the arbitration clause. That section provides in pertinent part:

"Subdivision 1. Upon application of a party, the court shall vacate an award where:

\* \* \* \* \*

524

"(5) There was no arbitration agreement *and the issue was not adversely determined in proceedings under section 572.09* and the party did not participate in the arbitration hearing without raising the objection." (Emphasis supplied.)

The trial court concluded that the validity of the arbitration clause was determined adversely to appellant in a § 572.09 proceeding, and even though this determination was made in the course of a *different* arbitration action it nevertheless barred appellant from raising the issue in the instant case. Consequently, the trial court never directly ruled on the validity of the arbitration clause. We conclude that the reference in Minn. St. 572.19, subd. 1(5), to proceedings under § 572.09 was intended to include only proceedings under § 572.09 which had occurred in the course of the *same* arbitration action. The purpose of the statute's reference to § 572.09 proceedings is to prevent a party from relitigating an issue which had already been presented and rejected at a previous stage in the same action. Once an issue has been presented and rejected on its merits in the same action, there is no need to relitigate it. On the other hand, if Minn. St. 572.19 is construed so as to bar appellant from ever litigating the validity of the arbitration clause in the instant action because of a § 572.09 determination in a different case, then appellant is denied the opportunity of obtaining in the instant action a trial court ruling on the validity of the clause and thus is denied a proper basis for appeal on this issue. Such a result is inconsistent with the basic function of Minn. St. 572.19, which is to preserve a party's right to judicial review on the question of arbitrability. Layne-Minnesota Co. v. Regents of the University, 266 Minn. 284, 123 N. W. 2d 371 (1963). Therefore, we hold that appellant is not barred from challenging the validity of the arbitration clause on this appeal. While there is no specific ruling by the trial court on the validity of the arbitration clause, we have concluded that because it involves strictly a question of law we will proceed to decide the issue in this opinion.

■ Appellant's primary contention is that the arbitration

clause in the state contract is void because it constitutes a waiver of the state's sovereign immunity not authorized by the legislature, and thus if the state is not bound by the arbitration clause, neither is appellant. To support its position, appellant relies on Minn. St. 3.751 and 572.08. Minn. St. 3.751 provides in relevant part:

"When a controversy arises out of any contract for work, services, or delivery of goods entered into by any state agency through established procedure, in respect to which controversy a person to the contract would be entitled to redress against the state, in a court of appropriate jurisdiction, if the state were suable, and when no claim against the state has been filed in the state claims commission or made in a bill pending in the legislature for the same redress against it, the state hereby *waives immunity* from suit in connection with such controversy *and confers jurisdiction on the district court* to hear and determine any such controversy in the manner provided for the trial of causes in the district court." (Emphasis supplied.)

Appellant argues that, when the legislature enacted Minn. St. 3.751 and conferred jurisdiction on the district courts to determine disputes arising out of state contracts, it intended that jurisdiction to be exclusive and to preclude resolution of such disputes by arbitration in a private tribunal.

Appellant also relies on Minn. St. 572.08, as amended by L. 1963, c. 656, § 1. The statute now provides:

"A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable, and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract. *The provisions of sections 572.08 to 572.30 shall apply to controversies arising out of any contract for the construction or repair of state trunk highways when such contract specifically provides for arbitration or when the parties agree to submit an*

*existing controversy to arbitration.* Sections 572.08 to 572.30 also apply to arbitration agreements between employers and employees or between their respective representatives unless otherwise provided in the agreement." (Emphasis supplied.)

Appellant interprets the specific reference to the use of arbitration in state highway contracts in § 572.08 as indicating a legislative intent that arbitration is not to be used in other types of state contracts.

We cannot agree with appellant's interpretation of these statutes. Minn. St. 16.02, subds. 4 and 5, specifically authorize the commissioner of administration to contract with architects for the design and construction of state buildings. We believe that implicit in this power to contract is the power to arrange for the settlement of contract disputes through arbitration. As the Court of Appeals of New York stated in Matter of Arbitration between Dormitory Authority of State of N. Y. and Span Electric Corp. 18 N. Y. 2d 114, 118, 218 N. E. 2d 693, 696 (1966):

"'* * * [W]e hold that the State itself is not insulated against the operation of an arbitration clause in a contract because the power to contract implies the power to assent to the settlement of disputes by means of arbitration * * *." [3]

We are not persuaded that the fact that the legislature in Minn. St. 3.751 gave private parties a right of action in district court for disputes arising from state contracts necessarily means that the legislature intended to preclude the state from attempting to settle contract disputes through arbitration. Neither are we persuaded that the legislature intended to limit the use of arbitration only to state highway contracts when it included a specific reference to state highway contracts in Minn. St. 572.08. [4]

[3] But see, Francoeur v. State, 102 N. H. 339, 157 A. 2d 49 (1959); cf. George A. Fuller Co. v. Commonwealth, 303 Mass. 216, 21 N. E. 2d 529 (1939).

[4] The probable reason for this specific reference is that in 1941 the legislature had expressly repealed Mason St. 1927, § 2554, sub. 17, en-

Indeed, appellant offers no explanation why the legislature would intend the use of arbitration clauses in state highway contracts but not in state building contracts.

This court has held in contract cases:

"When the state steps into an industrial or commercial enterprise, it is subject to the same laws that govern and control individuals."

State v. Horr, 165 Minn. 1, 4, 205 N. W. 444, 445 (1925). See, also, The Youngstown Mines Corp. v. Prout, 266 Minn. 450, 124 N. W. 2d 328 (1963). Appellant has not shown in the instant case how the decision of the commissioner to submit contract disputes to arbitration would handicap any attribute of sovereignty of the State of Minnesota. Consequently, we find no reason why the commissioner should be precluded from including a valid arbitration clause in state construction contracts, and we believe it is sound public policy to allow such arbitration clauses.

■ Appellant's final argument is that the arbitration clause is invalid because it names the governor as final arbitrator of disputes arising under the contract. We find the practice of designating the governor as arbitrator in contract disputes between the state and private contractors to be improper and unfair. While we do not suggest that the governor would actually be biased in favor of the state, the appearance of impropriety in having the governor decide contract claims involving the state is apparent and unavoidable. As stated in Matter of Arbitration between Cross & Brown Co. and Nelson, 4 App. Div. 2d 501, 502, 167 N. Y. S. 2d 573, 575 (1957):

"A well recognized principle of 'natural justice' is that a man may not be a judge in his own cause. Irrespective of any proof

acted in 1921, which required *mandatory* arbitration of highway contract disputes, L. 1941, c. 456, § 5. To make it clear that this repeal was not to be construed as precluding arbitration of these contract disputes through agreement of the parties, the legislature specifically referred in Minn. St. 572.08 to the availability of arbitration in state highway contracts.

of actual bias or prejudice, the law presumes that a party to a dispute cannot have that disinterestedness and impartiality necessary to act in a judicial or quasi-judicial capacity regarding that controversy. This absolute disqualification to act rests upon sound public policy. Any other rule would be repugnant to a proper sense of justice."

Moreover, respondent has offered no explanation as to why the Department of Administration has adopted the policy of designating the governor as arbitrator. Indeed, it appears that the governor routinely refers these arbitration matters to the American Arbitration Association. Thus, there appears to be no reason why the state and parties with which it contracts could not simply and directly name the AAA, or some other disinterested person or entity, to act as arbitrator in contract disputes. In short, we find the practice of designating the governor as arbitrator in state contract disputes to be inappropriate and wholly unnecessary.[5]

While we disapprove of this practice, we do not reach the issue of whether the arbitration clause itself is void as contrary to public policy. We note that the governor did not in fact act as arbitrator in this particular case and that appellant did not challenge the appointment of the arbitrator as provided in Minn. St. 572.10.[6] If any party to a contract is dissatisfied with the method of appointment of an arbitrator, Minn. St. 572.10 gives that party a right to apply to the district court for the appointment

---

[5] We are aware that the Federal courts have upheld similar arbitration provisions on the theory that parties may freely and voluntarily contract for the settlement of disputes in any manner they choose. See, United States v. Wunderlich, 342 U. S. 98, 72 S. Ct. 154, 96 L. ed. 113 (1951), United States v. Moorman, 338 U. S. 457, 70 S. Ct. 288, 94 L. ed. 256 (1950). The difficulty with this approach is that it assumes that both parties negotiate from positions of equal bargaining strength. Such an assumption is unwarranted in the instant case when one considers the required form of state contract provisions and the competitive interest of private parties in securing state contracts.

[6] See footnote 2, *supra.*

of another arbitrator. While appellant consistently maintained its position that arbitration was improper, it made no application pursuant to Minn. St. 572.10 to challenge the method of appointment of the arbitrator. Moreover, appellant does not allege that the arbitrator actually appointed in the instant case was not neutral and impartial. Consequently, since appellant was in no way prejudiced by the operation of the arbitration clause and since appellant did not properly preserve its objection to the appointment of the arbitrator, we affirm the arbitrator's award.

Affirmed.