WHITE CONSTRUCTION CO., INC. *vs.* COMMONWEALTH; DESMOND & LORD, INC., third-party defendant (and a companion case[1]). March 2, 1982. These cases arise from two actions commenced in the Superior Court. White Construction Co., Inc. (White), alleged breach of contract by the Commonwealth and sought damages, because the plans and specifications supplied by the Commonwealth to White, the general contractor for the Science Classroom-Dining Hall Building at the State College in Lowell, were so "fundamentally defective and inadequate" as to result in extra construction costs for which White demanded compensation. The Commonwealth impleaded Desmond & Lord, Inc. (Desmond & Lord), the designer of the Lowell building, as a third-party defendant. Mass. R. Civ. P. 14 (a), 365 Mass. 760 (1974). Desmond & Lord moved for summary judgment on the third-party complaint. Mass. R. Civ. P. 56 (b), 365 Mass. 824 (1974). That motion was allowed and judgment was entered for Desmond & Lord.

In the second case, the Commonwealth filed a complaint in the Superior Court seeking damages against Desmond & Lord and four contractors who constructed several buildings at the Cape Cod Community College. A third-party complaint was filed by Desmond & Lord against Sepp Firnkas Engineering, Inc. (Sepp Firnkas), a consulting structural engineering firm. A Superior Court judge granted motions for summary judgment in favor of Desmond & Lord and Sepp Firnkas. He reasoned that he was bound by the actions of the Superior Court judge who had previously granted a motion for summary judgment in the case involving White. Restatement (Second) of Judgments § 68 (Tent. Draft No. 4, 1977). Not-

---

[1] Commonwealth *vs.* Farwell Construction Corp. & others. The other defendants are Jefferson Construction Corp., V. and V. Construction Co., Inc., Loranger Construction Corporation, and Desmond & Lord, Inc. Sepp Firnkas Engineering, Inc., is a third-party defendant.

withstanding his ruling, the second judge expressed misgivings as to the appropriateness of the entry of judgment. Accordingly, he reported his order allowing the motion for summary judgment to the Appeals Court pursuant to Mass. R. Civ. P. 64, 365 Mass. 831 (1974).

The two cases were consolidated for argument in the Appeals Court. The Appeals Court reversed the judgment in the *White* case and, in the case brought by the Commonwealth, reversed the orders for summary judgment. *White Constr. Co.* v. *Commonwealth*, 11 Mass. App. Ct. 640 (1981).

We agree with the result reached by the Appeals Court and the juridical route taken to reach this result. Accordingly, the judgment entered in the case brought by White Construction Co., Inc., is reversed. The orders for summary judgment entered in the case brought by the Commonwealth are also reversed.

*So ordered.*

*Richard L. Neumeier & Robert M. Gault (Philander S. Ratzkoff & Alice D. Alexander* with them) for Desmond & Lord, Inc.

*Christopher H. Worthington,* Assistant Attorney General, for the Commonwealth.