MINTON CONSTRUCTION CORP. *vs.* COMMONWEALTH.

Suffolk.  May 5, 1986. — July 9, 1986.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Commonwealth,* Contracts, Arbitration. *Contract,* Commonwealth. *Arbitration,* Commonwealth.

An award made pursuant to the arbitration clause in a construction contract entered into before the effective date of G. L. c. 30, § 39Q, inserted by St. 1980, c. 579, § 62, was enforceable against the Commonwealth. [879-881]

CIVIL ACTION commenced in the Superior Court Department on December 12, 1983.

The case was heard by *William G. Young,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Brison S. Shipley,* Assistant Attorney General, for the Commonwealth.

*John J. Spignesi* for the plaintiff.

WILKINS, J. The Commonwealth appeals from a judgment confirming an arbitration award in favor of the plaintiff, Minton Construction Corp. (Minton), and denying the Commonwealth's motion to vacate that award. We transferred the appeal to this court. The issue is whether an award made pursuant to an arbitration clause in a contract is enforceable against the Commonwealth.[1]

In his memorandum and order, the motion judge recited the essential facts. "[A] dispute arose out of the performance of a contract between Minton and the Commonwealth for the

---

[1] The applicable law concerning the resolution of disputes was changed, effective July 1, 1981, by the enactment of St. 1980, c. 579, § 62, inserting G. L. c. 30, § 39Q. That amendment does not apply to this contract, the signing of which preceded the effective date of the statute.

construction of a freezer storage facility in Gloucester, Massachusetts. Minton sought to have the dispute resolved by submitting it to arbitration, the procedure specifically provided for in the contract between the parties. When the Commonwealth refused to arbitrate, Minton sought, and received, a court order requiring the Commonwealth to present the dispute to arbitration. . . . The dispute was submitted to arbitration, where the arbitrators issued an award in favor of Minton in the amount of $191,620."

The Commonwealth challenges the judge's denial of its motion seeking to have the court both vacate the arbitration award and order the case placed on a jury-waived trial list. The Commonwealth argues first that, if it were required to comply with an arbitrator's award made pursuant to a contract entered into by an agency of the Commonwealth, the statutory limitation on the scope of review of commercial arbitration decisions (see G. L. c. 251, §§ 12, 13 [1984 ed.]) would violate the mandate of G. L. c. 212, § 3 (1984 ed.), granting the Superior Court exclusive original jurisdiction of claims against the Commonwealth. See also G. L. c. 258, § 12 (1984 ed.). The argument lacks persuasive force. The Commonwealth long ago waived its sovereign immunity against actions brought to enforce obligations it assumed through contracts. *R. Zoppo Co.* v. *Commonwealth,* 353 Mass. 401, 404 (1967). See *First Nat'l Ins. Co.* v. *Commonwealth,* 376 Mass. 248, 250-251 (1978). As a result, the Commonwealth will be held answerable "exactly as though it were a private individual." *Nash* v. *Commonwealth,* 174 Mass. 335, 339 (1899). Absent contrary statutory direction, the strong public policy in favor of arbitration of commercial disputes should be given effect. Although G. L. c. 212, § 3, requires that enforcement or other proceedings concerning arbitration be brought against the Commonwealth in the Superior Court, § 3 does not carry the force of an implied disavowal of arbitration as an acceptable means, selected by contract, for the resolution of disputes between the Commonwealth and a contractor on a public works construction project.

The Commonwealth argues further that the Department of Environmental Quality Engineering, the agency that contracted

on behalf of the Commonwealth, lacked authority to agree to settle contract claims through arbitration. We accept the Commonwealth's point that an officer of a governmental agency has authority to bind that agency only to the extent expressly or impliedly granted by statute. See *White Constr. Co.* v. *Commonwealth,* 11 Mass. App. Ct. 640, 647 (1981), *S.C.,* 385 Mass. 1005 (1982). The point does not aid the Commonwealth here, because the right to contract, in the absence of statutory limitation, implicitly includes the right to assent to the settlement of disputes through arbitration. See *State* v. *McGuire Architects-Planners, Inc.,* 309 Minn. 519, 526 (1976); *In the Matter of Arbitration between the Dormitory Auth. of the State of N.Y. & Span Elec. Corp.,* 18 N.Y.2d 114, 118 (1966); *Main* v. *Department of Highways,* 206 Va. 143, 151 (1965).

We also recognize, as the Commonwealth argues, that a department of government has no power to make a binding pretrial settlement of a claim against it "unless the power is either expressly given or required by necessary implication." *Perkins School for the Blind* v. *Rate Setting Comm'n,* 383 Mass. 825, 829 (1981), quoting *George A. Fuller Co.* v. *Commonwealth,* 303 Mass. 216, 221, 224 (1939). Settling an existing claim differs substantially from an agreement to arbitrate a future dispute through an impartial tribunal in circumstances regulated by statute and requiring judicial scrutiny before an award may be enforced (G. L. c. 251, § 12). Abuses that the power to settle a claim might entail, such as covering up departmental errors (see *George A. Fuller Co.* v. *Commonwealth, supra* at 223-224), do not exist in commercial arbitration.

The Commonwealth presents no valid basis on which it should be entitled to walk away from the contract it entered or, more specifically, to avoid an arbitration award made pursuant to that contract.

*Judgment affirmed.*