CAMPBELL HARDWARE, INC. *vs.* R.W. GRANGER & SONS, INC., & another;[1] DIVISION OF CAPITAL PLANNING AND OPERATIONS, third-party defendant.

Suffolk.   October 6, 1987. — December 15, 1987.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Contract,* Commonwealth, Indemnity. *Indemnity. Commonwealth,* Contracts. *Damages,* Attorney's fees. *Attorney at Law,* Compensation.

On appeal in an action where a subcontractor on a renovation project at a State correctional facility had prevailed in its claims against the general contractor, which in turn had prevailed in its third-party action against the Division of Capital Planning and Operations, which alone had caused the harm, and where the subcontractor had been awarded attorney's fees against the general contractor, as required by G. L. c. 149, § 29, it was held that, on general principles of contract law, the general contractor was entitled to reimbursement by the division, where the general contractor's liability for its subcontractor's attorney's fees was a natural, reasonably foreseeable, and probable consequence of the division's breach of contract. [280]

CIVIL ACTION commenced in the Superior Court Department on February 17, 1982.

The case was heard by *James J. Nixon,* J.

The Supreme Judicial Court on its own initiative tranferred the case from the Appeals Court.

*Paul C. Bishop,* Special Assistant Attorney General, for Division of Capital Planning and Operations.

*Edward F. Vena* for R.W. Granger & Sons, Inc., & another.

WILKINS, J. This appeal involves a dispute between R.W. Granger & Sons, Inc., and its surety, on the one hand (collec-

---

[1] United States Fidelity and Guaranty Company

401 Mass. 278                                                   279

Campbell Hardware, Inc. *v.* R.W. Granger & Sons; Div. of Cap. Planning & Operations.

tively hereafter called Granger), and the appellant third-party defendant Division of Capital Planning and Operations (Division), on the other hand.

Granger was the general contractor on a renovation project at the Northern Worcester Correctional Center in Gardner. Campbell Hardware, Inc. (Campbell), was a subcontractor on the project responsible for providing locking mechanisms pursuant to the architect's specifications. It is sufficient for our purposes to note that the locks initially supplied by Campbell and installed by Granger conformed to the specifications but were unsatisfactory to the Division. The Division ordered changes requiring Campbell to modify the locks. Further problems developed, and both Campbell and Granger performed additional work. The Division rejected proposed change orders that would have acknowledged that the changes involved work not within the original contract. Campbell then sued Granger for the cost of its additional work, and Granger in turn brought a third-party action against the Division. On their respective claims Campbell prevailed against Granger, and Granger prevailed against the Division. The Division does not challenge those determinations.

The judge awarded Campbell attorney's fees against Granger, as required by G. L. c. 149, § 29 (1986 ed.). Section 29 provides that a successful claimant, such as Campbell, shall recover "reasonable legal fees based upon the time spent and the results accomplished as approved by the court." Section 29 makes no provision for an award to a general contractor of its attorney's fees in an action such as this or even for a right in the contractor to recover from the Division subcontractor's counsel fees which the general contractor is obliged to pay under § 29. The trial judge, however, did award Granger as contract damages against the Division the amount of the attorney's fees ($15,000) he had awarded to Campbell against Granger.

The judge did not base his decision to allow Granger to recover $15,000 against the Division on the provisions of § 29.

He concluded rather that a natural and foreseeable consequence of the Division's breach of contract was that Campbell would sue Granger and that Granger would be liable for attorney's fees under § 29. He ruled that the Division, which alone caused the harm, should indemnify Granger for its loss.

On appeal the Division has argued that § 29 does not authorize the award to Granger of the amount of Campbell's counsel fees for which Granger was liable. Granger does not disagree. As we have said, however, the judge did not rely on § 29 in requiring the Division to indemnify Granger. His decision was based on traditional principles for measuring damages for breach of contract. Granger's liability for Campbell's counsel fees was a natural, reasonably foreseeable, and probable consequence of the Division's breach of contract. Therefore, on general principles of contract law, Granger rightly was entitled to reimbursement by the Division. *Monadnock Display Fireworks, Inc.* v. *Andover*, 388 Mass. 153, 157 (1983). *John Hetherington & Sons* v. *William Firth Co.*, 210 Mass. 8, 21 (1911).

In a contract action such as is before us, sovereign immunity is not involved (see *Minton Constr. Corp.* v. *Commonwealth*, 397 Mass. 879, 880 [1986]; *R. Zoppo Co.* v. *Commonwealth*, 353 Mass. 401, 404 [1967]), and public policy considerations do not point to a denial of liability. This is no reason why Granger should suffer the consequences of the Division's errors.

The Division argues for the first time in its reply brief that provisions in the contract between it and Granger bar Granger from recovery of the amount of Campbell's counsel fees. Although we have the power to do so, we are disinclined to pay attention to such apellate afterthoughts, particularly if, as the Division asserts, it raised the point at the trial level. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975) ("The appellate court need not pass upon questions or issues not argued in [the appellant's initial] brief"); Mass. R. A. P. 16 (c), as amended, 399 Mass. 1217 (1986) ("The appellant may file a brief in reply to the brief of the appellee"). See *Kelley* v. *Rossi*, 395 Mass. 659, 665 n.6 (1985), and cases cited ("Such

an argument comes too late"). In any event, the Division has not demonstrated in its reply brief that Granger failed to adhere to the provisions of the general contract so as to be barred from recovering contract damages caused by the Division's breach of contract.

*Judgment affirmed.*