van Gestel, Allan, J.
This matter comes before the Court on a motion by the plaintiffs for relief from an order of the Court or, in the alternative, for reconsideration. The Order in issue is that of this Court dated September 20, 2006, wherein the Court granted dismissal of this case and directed the parties to proceed to arbitration before the AAA.
The parties are now disputing whether the arbitration should proceed in Minneapolis or Boston. That is a matter for the parties and the AAA to resolve. This Court having concluded that the parties have agreed to arbitrate, it should do no more.
Arbitration is a matter of contract, and a party cannot be compelled to submit any dispute to arbitration unless it has agreed to do so. Local Union No. 1710, Intern. Ass’n of Fire Fighters, AFL-CIO v. City of Chicopee, 430 Mass. 417, 421 (1999); Unisys Finance Corp. v. The Allan R. Hackel Organization, Inc., 42 Mass.App.Ct. 275, 290 (1997). Courts have very limited roles to play in matters in arbitration. Basically, a judge may, at the beginning, determine whether the parties have agreed to arbitrate a particular matter and, at the end, subject to a very narrow scope, determine whether to set aside the arbitration award. Once it is determined according to the parties’ agreement that a matter should be arbitrated, then questions relating to the interpretation of the agreement are for the arbitrator, not the Court. See Barnstead v. Ridder, 39 Mass.App.Ct. 934, 936 (1996). Similarly, the arbitration award may only be set aside if the arbitrators exceeded the scope of their authority or decided the matter based on fraud, arbitrary conduct, or procedural irregularities in the hearing. See, e.g., Plymouth-Carver Regional School District v. J. Farmer & Co., Inc., 407 Mass. 1006, 1007 (1990). There is a strong public policy favoring arbitration, and Courts must be exceedingly cautious about interfering with the proceeding or its results. Bureau of Special Investigations v. Coalition of Public Safety, 430 Mass. 601, 603-04 (2000); Minton Const. Corp. v. Commonwealth, 397 Mass. 879, 880 (1986).
The plaintiffs ask whether this Court, by its Order, intended to “void procedural rules” of the AAA or “direct the AAA in the conduct of any arbitration hearing(s) involving the parties” herein. It did not.
The matters questioned about fall within that sphere wherein it is the decision of the arbitrators, not second-guessing or direction by the Court, that controls. The Court only has decided that the parties agreed to arbitrate. Whether the procedural prerequisites have been met or where the arbitration(s) must take place are matters for the arbitrators to decide. “Once it is determined . . . that the parties are obligated to submit the subject matter of a dispute to arbitration, ‘procedural’ questions which grow out of the dispute should be left to the arbitrator[s].” John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 557 (1964). See also, PatneWebber, Inc. v. Elahi, 87 F.3d 589, 599-600 (1st Cir. 1996); Local 285, SEIU v. Nonotuk Resource Associates, Inc., 64 F.3d 735, 740 (1st Cir. 1995).

ORDER

For the foregoing reasons, this Court declines to grant any further relief from its September 20, 2006 Order, and declines to reconsider the same.