The defendants, Stephen L. Castinetti, Ellen L. Faiella, and Paul H. Allan, bring this interlocutory appeal from the denial of their motion for judgment on the pleadings, which requested dismissal of the plaintiff's, Scott Crabtree, tortious interference claims. We affirm.
Background. Crabtree was employed as the town manager of Saugus (town). The town's board of selectmen (board), of which the defendants were members, voted to remove Crabtree from his position as town manager. As a result, Crabtree sued the defendants in their individual capacities, based on a theory of tortious interference with advantageous relations. Among other allegations, Crabtree asserted that he had been removed in retaliation for "having initiated an [ethics] investigation" against Castinetti; laying off Faiella from her employment with the town's police department and not hiring her as the police chief's administrative clerk; and declining to hire Allan's son's friend as a fire fighter and failing to communicate with Allan's brother-in-law regarding the rezoning and redevelopment of property. Crabtree also alleged that the defendants acted maliciously in their decision.
Additionally, in the same suit, Crabtree filed claims against the town and the board, seeking reinstatement as town manager and compensatory damages for his lost pay, lost benefits, and emotional distress. Crabtree reached a settlement agreement with the town and the board, in which they agreed that the board "shall promptly reinstate" Crabtree as town manager; that the town shall make Crabtree "whole" for lost back pay, stipends, consequential damages, and lost benefits; and that the town shall pay Crabtree's reasonable attorney's fees. The settlement agreement further stipulated that Crabtree was not required to dismiss his claims against the individual defendants.[3]
The defendants filed a motion for judgment on the pleadings, which was denied. This appeal followed.
Discussion. 1. Standard of review. A motion for judgment on the pleadings under Mass. R. Civ. P. 12 (c), 365 Mass. 756 (1974), is a request for dismissal of the complaint, which we review under a de novo standard. Merriam v. Demoulas Super Mkts., Inc., 464 Mass. 721, 726 (2013). "We consider whether the factual allegations in the complaint are sufficient, as a matter of law, to state a recognized cause of action or claim, and whether such allegations plausibly suggest an entitlement to relief." Dartmouth v. Greater New Bedford Regional VocationalTech. High Sch. Dist., 461 Mass. 366, 374, (2012). The factual allegations of the nonmoving party are assumed to be true, Champa v. Weston Pub. Sch., 473 Mass. 86, 90 (2015), and our review is limited "to the surface of the complaint and the answer." Ridgeley Mgt. Corp. v. Planning Bd. of Gosnold, 82 Mass. App. Ct. 793, 801 (2012).
2. Analysis. a. Crabtree's standing. We begin with the defendants' contention, raised for the first time at oral argument, that Crabtree lacks standing due to the remedies afforded to him under his settlement agreement with the town. Because this claim was not raised in the defendants' brief, we will not consider this issue on appeal. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975); Bongaards v. Millen, 440 Mass. 10, 28 (2003).[4]
b. Massachusetts Tort Claims Act. Next, the defendants argue that the Massachusetts Tort Claims Act (MTCA), G. L. c. 258, applies to the claims against them, exempting them from liability. We disagree.
The MTCA exempts a public employer from liability for "its employee's intentionally tortious conduct." Nelson v. Salem State College, 446 Mass. 525, 537 (2006). See G. L. c. 258, § 10 (c ) ; Cachopa v. Stoughton, 72 Mass. App. Ct. 657, 665 (2008) (under G. L. c. 258, § 10 (c ), "municipalities are not liable for any claim arising out of an intentional tort"). The MTCA also exempts from liability certain discretionary functions performed by either a public employer or a public employee. See G. L. c. 258, § 10 (b ). Although the defendants argue that these exemptions apply to them, we conclude that Crabtree's claims against the defendants do not fall under the purview of the MTCA because they assert individual liability.
With regard to G. L. c. 258, § 10 (b ), where individuals "are being sued only in their individual capacities ... the [MTCA], and its relevant discretionary function exemption ..., does not apply." Nelson, 446 Mass. at 537. Similarly, G. L. c. 258, § 10 (c ), does not bar intentional tort claims against defendants being sued in their individual capacities. See South Boston Betterment Trust Corp. v. Boston Redev. Auth., 438 Mass. 57, 69 (2002), citing G. L. c. 258, § 10 (c ) ("Because the [public employee] has been sued individually for an intentional tort, G. L. c. 258 does not apply"). See also Parker v. Chief Justice for Admin. & Mgt. of the Trial Court, 67 Mass. App. Ct. 174, 180 (2006) ("With respect to intentional torts, ... claims against the public employer are barred but may be asserted against the public employee in his individual capacity" [citation omitted] ); Howcroft v. Peabody, 51 Mass. App. Ct. 573, 596 (2001) (intentional tort claims against defendants "in their individual capacities are not barred by governmental immunity").
The defendants attempt to reframe Crabtree's claims against them. They argue that Crabtree is really suing the defendants in their official capacities, and that we should "look beyond the captions to the essence of the claim." We disagree. Upon our review of the pleadings, we determine that Crabtree's complaint sufficiently alleges claims for tortious interference with advantageous relations against the defendants in their individual capacities. See Pembroke Country Club, Inc. v. Regency Sav. Bank, 62 Mass. App. Ct. 34, 38 (2004) (listing elements for claim of tortious interference with advantageous relationship).
Consequently, the defendants claim regarding presentment is without merit because Crabtree is not seeking recovery under the MTCA. See G. L. c. 258, § 4 ; Vasys v. Metropolitan Dist. Comm'n, 387 Mass. 51, 55 (1982) ("presentment is ... a statutory condition precedent to recovery under G. L. c. 258").
b. Defendants' tortious interference with Crabtree's relationship with the town. The defendants also argue that as members of the board, they are indistinguishable from the town and cannot interfere with their own termination decision. Concluding that Crabtree's claims are against the defendants in their individual capacities, we disagree. Although a party to a contract cannot be found liable for interference with its own contract, see Schinkel v. Maxi-Holding, Inc., 30 Mass. App. Ct. 41, 50 (1991), and the defendants were members of the board, "there is no evidence that [the defendants] controlled the operation of the town to the degree that they should be viewed as its alter ego." Cachopa, 72 Mass. App. Ct. at 661. Here, the complaint contains sufficient facts to establish that the defendants are distinguishable from the town. Crabtree's pleadings also sufficiently allege that the defendants used improper means or motives to intentionally interfere with his contract with the town, and that he was damaged through such interference by his removal from his position. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 661 ; Howcroft, 51 Mass. App. Ct. at 597.
Order denying motion for judgment on the pleadings affirmed.

We note that a final judgment as to the claims against the town and the board entered on November 13, 2015. See Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974).

During oral argument, the defendants' counsel stated that this argument was raised in the reply brief; we disagree. Regardless, we do not address arguments set forth for the first time in a reply brief. See Mass. R. A. P. 16 (a) (4) ; Mass. R. A. P. 16 (c), as amended, 399 Mass. 1217 (1987); Campbell Hardware, Inc. v. R.W. Granger & Sons, Inc., 401 Mass. 278, 280 (1987).